## Case No. 18,241.

### BLAKELY v. RUDDELL.

[Hempst. 18.] [1]

Superior Court, Territory of Arkansas. Aug., 1822.

CONVERSION — TROVER — DEMAND—APPEAL—PRESUMPTION AS TO INSTRUCTIONS.

1. The fact that a party came lawfully into possession of property is not the criterion to determine whether a demand and refusal are necessary in an action of trover.

2. If A. lends his horse to B., and B. sells him, the plaintiff need make no demand of B. to maintain an action of trover against him, because this is strong evidence of conversion.

3. Demand and refusal are not the only evidence of a conversion.

4. Instructions will be presumed to be correct where the evidence is not spread upon the record by exception or otherwise.

[Cited in Wiley v. Robinson, Case No. 17,656a.]

[At law. Action of trover by William Blakely, administrator of Moses Graham, against Abraham Ruddell. There was a verdict and judgment for defendant, and plaintiff appealed. Affirmed.]

Before JOHNSON, SCOTT, and SELDEN, Judges.

[1] [Reported by Samuel H. Hempstead, Esq.]

OPINION. OF THE COURT. The only ground relied on for the reversal of the judgment in this action of trover is that the court erred in instructions to the jury. Upon the trial, on the motion of the defendant, the court instructed the jury that "the plaintiff had not sustained his action by proving a demand and refusal before the commencement of the suit, the defendant having become lawfully possessed of the property." There are cases where the plaintiff cannot recover unless he proves a demand and refusal, and it is equally clear that there are cases where a demand and refusal are unnecessary, although the defendant may have come lawfully into possession; as where A. lends his horse to B., and B. sells him. This would be as strong evidence of conversion as could be adduced, and no demand would be necessary to enable the plaintiff to recover. 1 Chit. Pl. 177, 178; 5 East, 407; 6 East, 538; 1 Johns. Cas. 407. But, in the case before the court, the evidence of the plaintiff, if he adduced any, is not contained in the bill of exceptions, nor spread upon the record in any other manner; and, as the court might have been justified in giving the instruction, we are bound to presume in favor of the court in that respect. If, indeed, the plaintiff on the trial adduced evidence of a conversion other than that of a demand and refusal, the court no doubt committed an error in giving the opinion contained in the bill of exceptions; but, as no such evidence is shown to have been introduced, we cannot presume it, and consequently the judgment must be affirmed. Affirmed.